IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN CHAVEZ ARROYO, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| ALANIS GENERAL | ) Jury Trial Demanded |
| CONTRACTORS, INC. and | ) |
| ROSWELL DRYWALL, LLC, | ) |
| As Joint Employers | ) |
| | |
|    Defendants. | |

## FLSA COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Juan Chavez Arroyo, for himself and for all similarly-situated employees, and for his complaint against Defendants Alanis General Contractors, Inc. and Roswell Drywall, LLC shows this Court the following:

## NATURE OF THE CASE

1. This is collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") arising out of Plaintiff's employment by the Defendants. While employed by the Defendants the Plaintiff did not receive an overtime premium for all hours worked over 40 during work weeks. Plaintiff seeks relief pursuant to the FLSA for himself and for a class of similarly-situated employees of the Defendants for their unlawful employment and compensation practices.

## JURISDICTION & VENUE

2.      This Court has jurisdiction over actions brought under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.  Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff Juan Chavez Arroyo is a permanent resident alien lawfully residing in the United States in Smyrna, Georgia, and a former employee of Defendants Alanis and Roswell.  Mr. Chavez Arroyo specifically consents to and authorizes the filing of a claim under the FLSA on his behalf.  See Exhibit A, attached hereto.

4.      Defendant Alanis General Contractors, Inc. is a Georgia corporation with offices at 103 Hearthstone Drive, Woodstock, Georgia.  Alanis was the Plaintiff's employer within the meaning of 29 U.S.C. §§ 203(d), 206(a)(1), and 207(a)(1).  Alanis conducts business in the Northern District of Georgia and is engaged in commerce within the meaning of 29 U.S.C. § 203.

5.      Defendant Roswell Drywall, LLC is a Georgia limited liability company with offices at Suite 2110, 1010 Huntcliff, Atlanta, Georgia.  Roswell was the Plaintiff's employer within the meaning of 29 U.S.C. §§ 203(d), 206(a)(1), and 207(a)(1).  Roswell conducts business in the Northern District of Georgia and is engaged in commerce within the meaning of 29 U.S.C. § 203.

6. At all times material hereto Alanis and Roswell were joint employers of Plaintiff within the meaning of 29 U.S.C. § 203 and 29 C.F.R. § 791.2.

## FACTUAL ALLEGATIONS

7. Plaintiff was an employee of Defendants from November 2013 until on or about March 26, 2014.

8. Plaintiff was jointly employed by Defendants as a drywall carpenter/installer on the Ponce City Market project in Atlanta, Georgia. Alanis operated not as a drywall subcontractor, but as a "labor broker" that hired Plaintiff and his co-workers to work under the direction and supervision of both Alanis and Roswell on the Ponce City Market project. In addition to jointly directing and supervising the work of the employees with Alanis, Roswell also provided materials, tools and equipment for the employees' use on the project. There was an arrangement between Alanis and Roswell to share the employees' services, and Alanis acted directly or indirectly in the interest of Roswell regarding the employees' employment.

9. Plaintiff was compensated on an hourly basis at $14.00 per hour and paid without any payroll tax deductions as required by law.

10. During the course of his employment by Defendants Plaintiff regularly worked in excess of 40 hours per week. Defendants willfully failed to compensate

Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per week as required by 29 U.S.C. § 207.

11.  Defendants jointly employed other drywall carpenters/installers on the Ponce City Market project who were compensated on an hourly basis for $10.00 per hour to $14.00 per hour, and who Defendants willfully failed to compensate at a rate of one and one-half times their regular hourly rate for all hours worked in excess of 40 hours per week as required by 29 U.S.C. § 207.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

12.  Plaintiff incorporates by reference the factual allegations in Paragraphs 1 through 11 of his Collective Action Complaint.

13.  Defendant failed to compensate Plaintiff and other similarly-situated employees at a rate of one and one-half times their regular hourly rate for all hours worked in excess of 40 hours during work weeks in violation of the FLSA.

14.  Defendants' failure to compensate Plaintiff and others similarly situated at the appropriate rate of pay was a willful violation of the overtime provisions of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.  Plaintiff alleges violations of the FLSA on behalf of all persons who are or were jointly employed by Defendants during the applicable limitations period

who have not been compensated at one and one-half times their regular rate of pay for all work performed in excess of 40 hours during work weeks.

16. Questions of law and fact common to the class as a whole include but are not limited to:

    a. Whether Defendants failed to pay overtime compensation in violation of the FLSA;

    b. Whether Defendants' policy and practice of failing to pay overtime compensation violated applicable provisions of the FLSA;

    c. Whether Defendants were joint employers within the meaning of the FLSA; and

    d. Whether Defendants' failure to pay overtime compensation in violation of the FLSA was willful within the meaning of the FLSA.

17. The claim for violation of the FLSA is brought as a collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff and the class he seeks to represent, as Plaintiff's claims are similar to claims of the members of the prospective class.

18. Plaintiff and the class he seeks to represent are similarly situated, having worked on the same project under the common joint employment of Defendants and having been subjected to Defendants' common practice of failing to pay overtime compensation as required by the FLSA.

19. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff has retained counsel competent and experienced in labor and employment litigation, including FLSA litigation.

20. The names and addresses of the putative class members are available to Defendants. To the extent required by law notice will be provided to the prospective class members in a means and method customarily utilized on FLSA collective actions, subject to the Court's approval.

## PRAYER FOR RELIEF

WHEREFORE, for himself and the class of similarly situated employees he seeks to represent Plaintiff prays for the following relief:

a) Designation of this action as a collective action on behalf of Plaintiff and the class he seeks to represent pursuant to the FLSA, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all class members apprising them of the pendency of this action and permitting them to assert timely FLSA claims pursuant to consent;

b) All amounts of overtime wages that Plaintiff and the class of similarly-situated employees should have received under the Fair Labor Standards Act but for Defendants' willful violation of their rights, plus an equal amount in liquidated damages pursuant to the FLSA and interest owed on such amounts;

c) all reasonable costs and attorney's fees incurred in prosecuting this action; and

d) any other relief (including but not limited to declaratory and injunctive relief) that justice may require and/or that the Court deems appropriate to remedy the alleged violations.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

s/ Robert M. Weaver
Robert M. Weaver, Esq.

Quinn, Connor, Weaver, Davies & Rouco LLP
3516 Covington Highway
Decatur, GA 30032
rweaver@qcwdr.com

s/ Richard P. Rouco
Richard P. Rouco, Esq.

Quinn, Connor, Weaver, Davies & Rouco LLP
Suite 380, 2700 Highway 280 East
Birmingham, AL 35223
rrouco@qcwdr.com